# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

ROBERT EARL NEAL,

       Petitioner,     :     Case No. 1:24-cv-133

  - vs -      District Judge Jeffery P. Hopkins
                         Magistrate Judge Michael R. Merz

GEORGE A. FREDRICK, WARDEN
 Marion Correctional Institution,

                       :

       Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Robert Neal, is before the Court on Respondent's Motion to Dismiss (ECF No. 12) which Petitioner opposes (ECF Nos. 13, 14).  The Magistrate Judge reference in the case has recently been transferred to the undersigned to help balance the Magistrate Judge workload in the District (ECF No. 15).

Respondent's counsel advises that Petitioner has been transferred to the Marion Correctional Institution where George A. Fredrick is Warden and therefore Petitioner's custodian. Pursuant to Fed.R.Civ.P. 25, Warden Fredrick is substituted as Respondent in the case and the caption is amended as set forth above.

1

**Litigation History**

Petitioner was indicted by the Hamilton County[1] grand jury on February 9, 2018, along with co-defendant Deoveon Riggins. The Indictment charged Neal in seven counts: murder in violation of Ohio Revised Code § 2903.02(A)(Count Seven); murder in violation of Ohio Revised Code § 2903.02(B)(Count Eight); felonious assault in violation of Ohio Revised Code §2903.11(A)(1)(Count Nine); felonious assault in violation of § 2903.11(A)(1) of the Ohio Revised Code (Count Ten); having a weapon while under disability in violation of Ohio Revised Code § 2923.13(A)(3)(Count Eleven); and having a weapon under a disability in violation of Ohio Revised Code § 2923.13(A)(2). Each of these counts carried two firearm specifications.

Petitioner waived his right to a jury trial and was convicted on all counts after a bench trial. He was sentenced to an aggregate term of eighteen years to life (Judgment, State Court Record ECF No. 9, Ex. 23). He appealed to the Ohio Court of Appeals for the First District which affirmed in part, but remanded for correction of the judgment to reflect the sentence announced in open court. *State v. Neal*, 2022-Ohio-1290 (Ohio App. 1st Dist. Apr. 20, 2022). Neal did not appeal to the Ohio Supreme Court.

On August 1, 2022, Neal filed an application to reopen his direct appeal under Ohio R. App. P. 26(B)(State Court, ECF No. 9, Ex. 29). On August 22, 2022, the First District denied the application as untimely. *Id.* at Ex. 29. On May 11, 2023, Neal complained that he had been given notice of that decision by a postcard instead of by sending him a copy. *Id.* at Ex. 32. The First District denied that request on June 22, 2023. *Id.* at Ex. 33. Neal then appealed to the Ohio Supreme Court which declined jurisdiction on September 26, 2023. *State v. Neal,* 171 Ohio St. 3d

---

[1] Respondent's Motion inexplicably identifies the venue as Montgomery County (ECF No. 12, PageID 309). The Court treats this as a typographical error since Hamilton County was clearly the venue.

1439 (2023).  Neal filed his Petition in this case on March 6, 2024, which is the date Respondent concedes he deposited it in the prison mailing system.

## Analysis

Respondent asserts the case is barred by the statute of limitations, 28 U.S.C. § 2244(d), which provides

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondent contends the limitations period in this case is governed by 28 U.S.C. § 2244(d)(1)(A), the conclusion of direct review. He notes that the First District Court of Appeals affirmed the conviction on April 20, 2022. Neal then had forty-five days to appeal to the Ohio Supreme Court, but never did so. His conviction thus became final on direct review on the last day he could have appealed to the Ohio Supreme Court, June 4, 2022. The one-year statute began to run the next day and expired June 4, 2023. The Petition here was not filed until the following March 6 and thus, Respondent says, is barred by the statute.

Petitioner responds with his understanding that procedural default can be excused upon a showing of cause and prejudice or "probable innocence." (Response[2], ECF No. 13).

In an apparent attempt to show cause and prejudice, Neal claims that the trial judge found him guilty in retaliation for Neal's attempt to have Judge Beridon[3] recuse himself. He does not give any record reference for a motion to recuse nor does he suggest any reason that would have disqualified Judge Beridon. The State Court Record shows a number of motions filed *pro se* by Neal. It is certainly believable that Neal would have filed such a motion, but without some indication of the grounds he asserted, there is no reason to infer the Judge would not have been impartial. There is no record of any attempt to withdraw the jury waiver.

In any event, this argument by Neal betrays a misunderstanding of "cause and prejudice." A showing of cause and prejudice will excuse a procedural default in pursuing a state court remedy. But that is not what Respondent's Motion asserts, but rather a failure to seek habeas corpus relief in time. Neal offers no argument why Judge Beridon's asserted prejudice against him would excuse late filing of his Petition.

---

[2] Neal filed two copies of his Response without explanation. Both are timely under S. D. Ohio Civ. R. 7.2 and make the same argument.
[3] Neal gives the name as O'beridon. The trial judge's name is Thomas O. Beridon (See Entry, State Court Record, ECF No. 9, Ex. 5).

The Supreme Court had held, on the other hand, that proof of actual innocence will excuse a late filing. The controlling precedent on this point is now the Supreme Court's decision in *McQuiggin v. Perkins*, 569 U.S. 383 (2013).

> [A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U. S., at 329, 115 S. Ct. 851, 130 L. Ed. 2d 808; see *House*, 547 U. S., at 538, 126 S. Ct. 2064, 165 L. Ed. 2d. 1 (emphasizing that the *Schlup* standard is "demanding" and seldom met). And in making an assessment of the kind *Schlup* envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *Schlup*, 513 U. S., at 332, 115 S. Ct. 851, 130 L. Ed. 2d. 808.
>
> * * *
>
> [A] federal habeas court, faced with an actual-innocence gateway claim, should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown.

*McQuiggin v. Perkins*, 569 U.S. 383, 386-87 (2013). In contrast to Neal's argument, the test is not "probable innocence." Rather a petitioner must show, "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U. S., at 329; see *House v. Bell*, 547 U. S., at 538. The quality of the new reliable evidence needed from petitioner to support his allegations of constitutional error is exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial. *Schlup*, 513 U.S. at 324. *Souter v. Jones,* 395 F.3d 577, 590 (6th Cir. 2005).

Neal presents no new evidence of the type described in *Schlup*. Rather he asserts his finding of guilty is inconsistent with his co-defendant's acquittal. If Riggins, who Neal says was

5

charged with aiding and abetting, committed no crime then logically he – Neal – must also be not guilty. This represents a misreading of the Indictment in which Riggins is charged as a principal, not an aider and abettor. In addition, Neal presents no evidence of Riggins' acquittal, so that even if his argument were a good one, he has in fact presented no evidence to back it up.

Neal argues generally that he should not be denied relief on the basis of a technicality. But that is not what Respondent seeks. Congress adopted the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") with the statute of limitations in important part to protect the finality of state court judgments. "Congress enacted [the] AEDPA to reduce delays in the execution of state and federal criminal sentences, . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202 (2003); *Ryan v. Gonzalez*, 568 U.S. 57 (2013), *citing Woodford*.

**Conclusion**

Petitioner has not proven his "actual innocence" to the standard recognized by the Supreme Court in *Schlup* and *McQuiggin*. Accordingly the Magistrate Judge respectfully recommends Respondent's Motion be granted and the Petition be dismissed with prejudice as barred by the statute of limitations. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

January 13, 2025.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #