**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ROBERT EARL NEAL,                  :
                                   :
        *Petitioner*,              :    Case No. 1:24-cv-133
                                   :
vs.                                :    Judge Jeffery P. Hopkins
                                   :    Magistrate Judge Michael R. Merz
GEORGE A. FREDRICK, WARDEN,        :
Marion Correctional Institution,   :
                                   :
        *Respondent*.              :

## ORDER ADOPTING REPORT AND RECOMMENDATIONS

This matter is before the Court on the Report and Recommendations ("R&R") issued by Magistrate Judge Michael R. Merz on January 13, 2025. Doc. 16. The Magistrate Judge recommends that Respondent's Motion to Dismiss (Doc. 12) be granted. Petitioner, Robert Neal ("Petitioner" or "Neal"), has filed objections. Doc. 18. For the reasons explained below, Petitioner's objections are **OVERRULED**, the Magistrate Judge's R&R is **ADOPTED**, and Petitioner's request for a writ of habeas corpus is **DISMISSED**.

### I.     BACKGROUND

Petitioner seeks a writ of habeas corpus from this Court. In the petition, he asks the Court to review his conviction by the Hamilton County, Ohio, Court of Common Pleas for the January 24, 2018 murder of Anthony Harris and related offenses. *See* Doc. 1; Doc. 12, PageID 306–07. Petitioner asserts in his habeas petition that the judgment against him was contrary to the manifest weight of the evidence and the trial court erred by failing to merge

the counts against him for purposes of sentencing. Doc. 1, PageID 2. Respondent[1] has moved to dismiss the petition as time-barred. Doc. 12. This matter is currently before the Court on the R&R by Magistrate Judge Michael R. Merz in this case, Doc. 16, and Mr. Neal's timely objections. Doc. 18.

Magistrate Judge Merz recommends Mr. Neal's petition be dismissed as time-barred, upon concluding that Mr. Neal failed to provide evidence of "actual innocence" that would excuse the late filing of his petition beyond the applicable statute of limitations. Doc. 16, PageID 339–40. The one-year statute of limitations for Mr. Neal's habeas petition, *see* 28 U.S.C. § 2244(d), expired on June 4, 2023, one year after he could have last appealed his conviction to the Ohio Supreme Court. *See* Doc. 16, PageID 338. He filed this petition on March 6, 2024, approximately nine months *after* expiration of the one-year statute of limitations. Doc. 16, PageID 337. Mr. Neal makes the following objections: that his co-defendant, Deoveon Riggins, was charged as a principal, purportedly contrary to the R&R; that there is evidence of Mr. Riggins's release, purportedly contrary to the R&R; and more generally that the evidence produced at trial contradicted the indictment because that evidence did not align with the indictment regarding the distinct roles Mr. Neal and Mr. Riggins played in the murder of Harris. Doc. 18, PageID 343–44.

Respondent did not file a response to Mr. Neal's objections within the fourteen days allotted for him to do so under the rules. *See* Fed. R. Civ. P. 72(b).

---

[1] The original respondent in this case was the warden of the Richland Correctional Institution. Mr. Neal was then transferred to the Marion Correctional Institution and the warden of that institution, George A. Fredrick, was substituted as respondent here. *See* Doc. 16, PageID 335.

## II.    STANDARD OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III.    LAW AND ANALYSIS

The Court has carefully reviewed, *de novo,* the portion of the Magistrate Judge's Report and Recommendations which Mr. Neal objected to. In the objection, Petitioner objects to the portion of the R&R addressing his claim that his being found guilty is "inconsistent with his co-defendant's [Mr. Riggins's] acquittal." Doc. 16, PageID 339–40.

As to Mr. Neal's argument, Doc. 18, PageID 343, that Mr. Riggins was charged as a principal, this is entirely consistent with Magistrate Judge Merz's R&R. Doc. 16, PageID 340. Here, the Magistrate Judge did find that Mr. Riggins was charged as a principal in Anthony Harris's murder. Accordingly, Petitioner has pointed to no error in the R&R and his objection is **OVERRULED.**

As to Petitioner's argument that there is evidence in the state's record that Mr. Riggins was released, the Court again has reviewed *de novo* the Magistrate Judge's conclusion that there is no such evidence in the record. Having thoroughly searched the state court record, Doc. 9, the Court agrees with Magistrate Judge Merz's conclusion: There is no evidence in the record of Mr. Riggins's release. Furthermore, whether Mr. Riggins remains incarcerated or not has no bearing on Petitioner's request for habeas relief. Even if there had been evidence of Mr. Riggins's acquittal, that factor alone would not change the disposition of the motion

3

to dismiss. As Magistrate Judge Merz explained, Mr. Neal must show proof of *his* "actual innocence" for this Court to excuse the late filing of his habeas petition. Doc. 16, PageID 339 (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 386–87 (2013)). To satisfy this standard, a petitioner must show that it is "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Hubbard v. Rewertz*, 98 F.4th 736, 742 (6th Cir. 2024) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Additionally, he must present "*new reliable evidence*" of *his* innocence—as opposed to irrelevant proof of a co-defendant's acquittal or alleged early release from a sentence. *Hubbard,* 98 F.4th at 743 (emphasis added; citation omitted). Critically here, "actual innocence means factual innocence," *id.* (internal quotation marks and citation omitted). To excuse his late filing, Petitioner must "demonstrate that he *factually* did not commit the crime." *Id.* In other words, for Petitioner to meet the equitable exception to the statute of limitations, he must "make a gateway showing that he didn't do the crime (which goes to actual innocence) instead of merely attacking the state's case (which could show legal innocence)." *Id*. at 747.[2]

Evidence of Mr. Riggins's acquittal, were Mr. Neal to present it, *might* potentially weaken the state's case—going toward *legal* innocence—but it would not demonstrate *actual* innocence—*i.e.* that Petitioner did not himself commit the murder of Mr. Harris. Thus, Petitioner has failed to make a proper showing—*i.e.,* proof of his actual innocence—that would excuse his failure to file his habeas petition within the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1)(A). Mr. Neal's objection relative to the Magistrate Judge's failure

---

[2] Some examples of evidence that may go to "actual innocence" are "exculpatory scientific evidence, trustworthy eyewitness accounts [and] critical physical evidence" not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

to consider evidence of Mr. Riggins's acquittal or his sentencing disposition in ruling on his habeas petition is thus **OVERRULED**.

Finally, as to Mr. Neal's remaining objections, which relate to purported discrepancies between the indictment and the evidence offered at trial as these items relate to the roles Mr. Neal and his co-defendant Mr. Riggins played in the commission of the offense of conviction, Doc. 18, PageID 344, the Court concludes that this objection is improper as it does not identify any error in the R&R. To the contrary, Magistrate Judge Merz's R&R is consistent with the state-court record as to the charges and evidence against Mr. Neal and Mr. Riggins, respectively. Having reviewed Magistrate Judge Merz's analysis of Mr. Neal's argument related to the relationship between his prosecution and the prosecution of Mr. Riggins, Doc. 16, PageID 339–40, the Court concludes Mr. Neal has identified no error in the R&R's analysis. Additionally, evidence related to Mr. Riggins's prosecution—regardless of its outcome and whether or not he was charged as a principal—is not evidence of "actual innocence" that would excuse Mr. Neal's late filing. These objections are also **OVERRULED**.

## IV. CONCLUSION

Having reviewed the objected-to portions of Magistrate Judge Merz's R&R *de novo*, the Court **OVERRULES** Mr. Neal's objections. Mr. Neal has provided no evidence of "actual innocence," *see Hubbard*, 98 F.4th at 742, that would excuse his out-of-time filing of his habeas corpus petition. Magistrate Judge Merz's R&R is hereby **ADOPTED** and Mr. Neal's petition is **DISMISSED**.

For the reasons stated in the Report and Recommendation and pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal of this Order would lack an arguable basis in

law or in fact and thus would not be taken in good faith. The Court accordingly **DENIES** Plaintiff leave to appeal *in forma pauperis*. In accordance with Fed. R. App. P. 24(a)(5), Plaintiff remains free to file a motion for leave to proceed on appeal *in forma pauperis* in the Sixth Circuit Court of Appeals. *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999).

        **IT IS SO ORDERED.**

Dated: <u>March 28, 2025</u>

                                         Hon. Jeffery P. Hopkins
                                         United States District Judge